**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **LAREN T.**[1] | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Civil No. 3:24-cv-02460-GCS** |
| | ) |
| **COMMISSIONER of SOCIAL** | ) |
| **SECURITY,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff, through counsel, seeks judicial review of the final agency decision denying his application for Disability Insurance Benefits ("DIB").[2]

**PROCEDURAL HISTORY**

On March 9, 2022, Plaintiff filed an application for DIB alleging a disability onset date of February 2, 2020. Plaintiff's application was denied on December 14, 2022. Plaintiff requested reconsideration on January 16, 2023; the request was denied on June 13, 2023. Plaintiff then requested a hearing with an Administrative Law Judge ("ALJ"). The

---

[1]    Plaintiff's full name will not be used in this Memorandum & Order due to privacy concerns. *See* FED. R. CIV. PROC. 5.2(c) and the Advisory Committee Notes thereto.

[2]    This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. § 636(c). *See* (Doc. 12).

hearing was held on April 2, 2024, and the ALJ denied the application on April 11, 2024. (Tr. 13-28). On October 16, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final agency decision subject to judicial review. (Tr. 1). Plaintiff exhausted administrative remedies and filed a timely complaint with this Court.

### ISSUES RAISED BY PLAINTIFF

Plaintiff raises the following issues:

1. The ALJ erred by formulating the residual functional capacity ("RFC") contrary to the record as a whole by crediting the severity of Plaintiff's narcolepsy but failing to establish an RFC that captured the proper limitations caused by this impairment.

2. The ALJ erred by failing to properly evaluate Plaintiff's subjective allegations concerning his narcolepsy.

### APPLICABLE LEGAL STANDARDS

"The [SSA] provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 587 U.S. 97, 98 (2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

To determine whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of

specific impairments enumerated in the regulations? (4) Is the claimant unable to perform his former occupation? and (5) Is the claimant unable to perform any other work? *See* 20 C.F.R. § 404.1520.

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. A negative answer at any step, other than at step 3, precludes a finding of disability. The claimant bears the burden of proof at steps 1–4. Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *See Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001).

It is important to recognize that the scope of judicial review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, this Court is not tasked with determining whether Plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *See Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). The Supreme Court defines substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103 (internal citations omitted).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does *not* reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). While judicial review is deferential, it is not

abject; this Court does not act as a rubber stamp for the Commissioner. *See Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010).

## THE DECISION OF THE ALJ

The ALJ followed the five-step analytical framework described above. He determined that Plaintiff met the insured status requirements through March 31, 2024, and Plaintiff had not worked at the level of substantial gainful activity since his alleged onset date of December 23, 2021. (Tr. 19). The ALJ found that Plaintiff had the following severe impairments: obstructive sleep apnea and type 2 narcolepsy. *Id.*

The ALJ found Plaintiff had the RFC "to perform a full range of work at all exertional levels but with the following non-exertional limitations: he should never climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs. He should avoid all exposure to dangerous workplace hazards, such as exposed moving machinery and unprotected heights." (Tr. 20). Thus, the ALJ found Plaintiff was not disabled. (Tr. 25).

## THE EVIDENTIARY RECORD

The Court has reviewed and considered the entire evidentiary record in preparing this Memorandum & Order. The Court finds the ALJ's summary of the record in his decision, when compared with the points raised by Plaintiff, is sufficiently comprehensive. There is no need to summarize it here.

## DISCUSSION

As a threshold matter, Plaintiff's brief relies on a statement by Dr. Terry Brown, who treated Plaintiff for narcolepsy. (Doc. 15, p. 8-9). The statement was presented to the Appeals Council but was *not* a part of the record that forms the basis for the ALJ's

decision. *Id.* The Appeals Council denied Plaintiff's request for review. (Tr. 2). The Court cannot consider evidence that was not before the ALJ in evaluating the ALJ's decision. 42 U.S.C. § 405(g); *Slayton v. Colvin*, No. 15-1254, 629 Fed. Appx. 764, 771 (7th Cir. Dec. 7, 2015); *Rice v. Barnhart,* 384 F.3d 363, 366 n.2 (7th Cir. 2004); *Eads v. Secretary of Dept. of Health and Human Services*, 983 F.2d 815, 817 (7th Cir. 1993). Thus, the Court has not considered Dr. Brown's statement in determining whether the ALJ's decision was supported by substantial evidence.

Plaintiff also asserts (in passing) that the Appeals Council erred in denying this request, but he did not include that argument as an issue to be presented to the Court and he did not develop the argument in his brief. (Doc. 15, p. 1, 8-9). Accordingly, the Court finds that the Plaintiff waived the argument that the Appeals Council erred in this regard. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016); *Milburn v. Berryhill*, No. 16-cv-03264, 2018 WL 1229753, at *3 (C.D. Ill. March 9, 2018).

I.      **The RFC is not Supported by Substantial Evidence.**

The ALJ erred by reaching a conclusion that was not supported by substantial evidence. The Court is mindful that an ALJ is "subject to only the most minimal of articulation requirements," *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). Nevertheless, the ALJ must "articulate at some minimal level his analysis of the evidence." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) (cleaned up). This analysis must "'provide a logical bridge'" between the evidence and its conclusion so that a reviewing court can "afford the claimant meaningful judicial review." *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010) (citing *Getch v. Astrue*, 539 F.3d 473, 480 (7th Cir. 2008)).

The ALJ may not "mention[ ] only evidence favoring the denial of benefits." *Id.* at 888-889. *See also Reinaas v. Saul,* 953 F.3d 461, 467 (7th Cir. 2020) (criticizing decision where ALJ "cited only evidence favorable to her decision without discussing any contrary evidence"). The Court finds the case must be remanded because the ALJ failed to explain the characterization of Plaintiff's exam findings as "mild" and his treatment as "conservative." The ALJ also fails to discuss contrary evidence and to provide a logical bridge between the evidence and the RFC that he formulated.

The Court agrees with Plaintiff that the ALJ's decision was not supported by substantial evidence. First, the ALJ repeatedly referred to Plaintiff's "mild" or "very mild" examination findings. (Tr. 20, 21, 22). However, the ALJ failed to explain how he concluded that Plaintiff's examination findings were, in fact, "mild" or "very mild." The ALJ found that the initial State agency assessment, which found that Plaintiff's impairments "non-severe," to be unpersuasive. (Tr. 22). On the other hand, the ALJ found the State agency assessment at the reconsideration level to be persuasive. *Id.* The reconsideration assessment concluded that Plaintiff was severely impaired. (Tr. 70). That assessment does not characterize Plaintiff's symptoms as mild. Similarly, medical evidence from Dr. Brown,[3] who treated Plaintiff for narcolepsy, noted that Plaintiff scored 16 or above on the Epworth Sleepiness Scale from October 2019 to April 2023. (Tr. 305-319). The treatment notes interpreted these scores as "high" and noted several times

---

[3]     The Court notes that the ALJ did explain the extent to which he found Dr. Brown's opinion persuasive. Because the ALJ relied on Dr. Brown's assessments and did not articulate any reason to rely on some parts of the assessments but not others, the Court infers that the ALJ found Dr. Brown's opinion to be persuasive in its entirety.

that it was unlikely to improve. (Tr. 306, 307, 309, 311, 313, 318, 319). The State agency reconsideration assessment noted Plaintiff's high scores on this scale. (Tr. 72). The ALJ did not cite to any medical findings that Plaintiff's impairments, symptoms, or diagnosed narcolepsy was "mild," let alone "very mild."

Second, the ALJ referred to the "conservative treatment" of Plaintiff's narcolepsy as a justification for concluding that "[Plaintiff's] impairments [we]re not as severe as alleged." (Tr. 21). None of the medical records in this case characterize Plaintiff's treatment as mild. On the contrary, Plaintiff was prescribed the recommended maximum dose of Adderall for narcolepsy treatment, and then his dosage was increased. (Tr. 311, 313). The ALJ did not explain why this type of treatment might be considered "conservative."

The ALJ placed significant weight on the fact that Plaintiff would not use a CPAP or BiPAP machine. The ALJ wrote that Dr. Brown "had told [Plaintiff] that the machines would help his narcolepsy. (Tr. 21). But the record does not entirely support that statement. While Dr. Brown mentioned in his treatment notes that a CPAP machine *might* help with sleepiness, (Tr. 306, 313), he did not definitively state that it *would* help.[4] Moreover, the ALJ's decision does not explain why the ALJ gave such weight to those two notes but not to Dr. Brown's repeated notes that Plaintiff's sleepiness was typical for treated narcolepsy and was unlikely to improve. (Tr. 306, 307, 309, 311, 313, 318, 319). As

---

[4]    Plaintiff relies on a clarifying statement submitted to the Appeals Council by Dr. Brown. (Doc. 15, p. 8-9). Because the Court is reviewing the ALJ's decision on appeal, and Dr. Brown's clarifying statement was not part of the record that formed the basis of the ALJ's decision, the Court cannot consider it here.

noted above, the ALJ cannot discuss only evidence supporting a denial of benefits while ignoring evidence to the contrary. *See Reinaas*, 953 F.3d at 467.

Finally, the reasons the ALJ provided in support of the RFC were brief and unclear. For instance, the ALJ determined that Plaintiff's ability to participate in some activities of daily living meant Plaintiff had overstated the severity of his impairment. However, there is no explanation as to why that is the case. The record plainly reflects, and the ALJ acknowledged during the hearing, that Plaintiff's narcolepsy limits how long Plaintiff can engage in activity, not whether he can do it at all. *See, e.g.*, (Tr. 54) (stating that "it's longevity and endurance that is your problem. You can't do stuff for long periods, whatever you're doing."). The ALJ did not explain why Plaintiff's ability to perform daily activities for short durations necessarily meant that Plaintiff's impairment was less severe than alleged. This lack of explanation prevents the Court from meaningfully reviewing the ALJ's reasoning.

Furthermore, where a Plaintiff has documented fatigue issues, an ALJ must "fulsomely 'discuss . . . how it might affect [his] job performance.'" *Rebecca A. v. Kijakazi*, No. 21 C 3185, 2022 WL 16856394, at *3 (N.D. Ill. Nov. 10, 2022) (collecting cases). *See also Thompson v. Berryhill*, Cause No. 2:18-CV-63-JEM, 2019 WL 632189, at *3 (N.D. Ind. Feb. 14, 2019) (noting that "[b]ecause the ALJ offers no explanation of how the RFC accommodates Plaintiff's fatigue, the RFC is not supported by substantial evidence."); *Collins v. Berryhill*, No. 17 C 3589, 2018 WL 3361847, at *3 (N.D. Ill. July 10, 2018) (similar). *But see Matthews v. Saul*, No. 19-3529, 833 Fed. Appx. 432, 436-438 (7th Cir. Nov. 5, 2020) (concluding ALJ reasonably justified decision of how to accommodate

claimant's fatigue). Here, Plaintiff has documented fatigue issues. (Tr. 21, 22, 69, 70, 305-319). The ALJ's RFC formulation does not meaningfully address Plaintiff's documented fatigue issues beyond obliquely referring to narcolepsy in limiting Plaintiff's exposure to hazards and climbing. (Tr. 21). Without a more substantial analysis of these limitations and how they appropriately address Plaintiff's problems with the duration of exertion, the Court cannot meaningfully review the ALJ's decision. To be clear, the Court does not fault the ALJ for any particular conclusion he reached. Rather, the problem is that the Court cannot follow his reasoning. *See Reinaas*, 953 F.3d at 467.

"If a decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (internal citation omitted). Because the Court finds that it cannot meaningfully review the ALJ's decision, it must be remanded for reconsideration. Because the Court finds that the first ground of appeal requires remand, it does not reach the second ground of appeal.

This Memorandum & Order should not be construed as an indication that the Court believes Plaintiff was disabled during the relevant period or that he should be awarded benefits. The Court has not formed any opinions in that regard and leaves those issues to be determined by the Commissioner after further proceedings.

### CONCLUSION

The Commissioner's final decision denying Plaintiff's application for disability benefits is **REVERSED** and **REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk

of Court is directed to enter judgment in favor of Plaintiff.

**IT IS SO ORDERED.**

**DATED: July 24, 2026.**

Digitally signed by
Judge Sison
Date: 2026.07.24
14:36:25 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**